UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas C.,[1]

Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

Defendant.

Civ. No. 22-2921 (PAM/TNL)

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Nicholas C. filed an application for Disability Insurance and Supplemental Security Income benefits on June 5, 2020. (Admin. R. (Docket No. 14) at 259.) Plaintiff alleges that he became disabled on April 30, 2020, as a result of mental-health issues including anxiety disorder, depression, and bipolar disorder. (Id. at 303.)

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant

work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 154-61, 165-70.) In November 2021, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. Plaintiff testified at this hearing and was represented by an attorney. (Id. at 42-65.) After the hearing, the ALJ determined that Plaintiff had multiple severe impairments: anxiety disorder, mood disorder, personality disorder, substance use disorder, and attention deficit hyperactivity disorder ("ADHD"). (Id. at 24.) The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments. (Id. at 25.) He then determined that Plaintiff had the capacity for work at all exertional levels, but with restrictions such as the performance of simple, routing, and repetitive tasks, a low-stress environment, and occasional interaction with the public and co-workers. (Id.) After thoroughly cataloging the mental-health evidence in the record, the ALJ determined that, though Plaintiff was unable to return to his previous employment, there were jobs Plaintiff could perform in the national economy. (Id. at 27-35.) The ALJ thus concluded that Plaintiff was not disabled. (Id. at 36.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff raises two challenges to the ALJ's determination.

**A.     Listing-level Impairment**

Plaintiff first argues that the ALJ erred in concluding that his mental-health conditions did not meet the requirements of Listings 12.04, 12.06, and 12.08 despite identifying his severe impairments in the areas covered by the listings: depressive, bipolar, and related disorders (Listing 12.04), anxiety and obsessive-compulsive disorders (Listing 12.06), and personality and impulse-control disorders (Listing 12.08). 20 C.F.R. pt. 404, subpt. P, App. 1 §§ 12.04. 12.06, 12.08 (available at https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm). Plaintiff specifically argues that he meets the paragraph C "marginal adjustment" criteria under Listings 12.04 and

4

12.06.[2]

To establish a Listing-level impairment, an applicant for disability benefits must satisfy the requirements of certain paragraphs of the Listing. For Listing 12.04 and 12.06, which have three paragraphs, an applicant's "mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C." Id. § 12.00(A)(2).

Plaintiff makes no argument regarding the paragraph A criteria of any of the Listings at issue, nor does he appear to take issue with the ALJ's determination that he did not meet the requirements of paragraph B of any of the relevant Listings. Assuming that he meets the paragraph A criteria, paragraph C of both Listing 12.04 and Listing 12.06 require that the mental disorder be "serious and persistent," which further requires evidence of both (1) treatment for the disorder (whether in the form of therapy, psychosocial supports or otherwise), and (2) "[m]arginal adjustment, that is, . . . minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." Id. §§ 12.04(C), 12.06(C). Plaintiff asserts that the ALJ erred in concluding that the record did not reflect evidence that he did not have the capacity to adapt to changes in his environment under paragraph C.2.

> The regulations explain that "marginal adjustment" means
>
> that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that

---

[2] As the Commissioner points out, Plaintiff also argues that he meets the paragraph C criteria for Listing 12.08. Listing 12.08, however, does not have a paragraph C, but only A and B.

5

you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports.

Id. § 12.00(G)(2)(c).

Plaintiff points to evidence in the record that supports his contention that he meets the marginal-adjustment criteria. But he does not argue that there is no evidence in the record supporting the ALJ's determination that he does not meet this criteria. The ALJ's role is to "weigh all the evidence in the record." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016). The thorough ALJ opinion provides more than substantial evidentiary support for the ALJ's conclusions regarding whether Plaintiff had the capacity to adapt to changes in his environment. (Admin. R. at 27.) Plaintiff's argument on this point is without merit.

**B.     Absenteeism and RFC**

Plaintiff's second argument is that the ALJ erred in formulating his RFC because the ALJ's RFC did not account for what Plaintiff believes would be significant absenteeism. He notes that he sometimes attended therapy several times per week and was hospitalized once during the relevant time period.

Assessment of an individual's residual functional capacity requires consideration of "the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)." <u>Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims</u>, SSR 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996) (footnote omitted). The ALJ is required to consider "[t]he effects of treatment, including limitations

6

or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." Id., 1996 WL 374184, at *5. But Plaintiff points to no evidence in the record that his appointments would necessarily interfere with his work schedule, or that he would be "required to miss entire days of work for each appointment." Barnett v. Apfel, 231 F.3d 687, 691 (8th Cir. 2000). Indeed, "Plaintiff has pointed to [no] opinion evidence that he is likely to be absent a number of days per month due to his impairments or treatment." Jason P. P. v. Kijakazi, No. 20cv688 (TNL), 2021 WL 4483040, at *16 (D. Minn. Sept. 30, 2021). It is Plaintiff's burden to establish that he would be excessively absent; he has not done so here. See id. (citing cases). Plaintiff's contention that the RFC was improper is without merit.

**CONCLUSION**

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 15) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 18) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   July 19, 2023                           s/Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge

7